IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERRY MACK DORROUGH, #87089-131 | § | |
| VS. | § | CIVIL ACTION NO. 6:06cv55 |
| UNITED STATES PAROLE COMMISSION | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus challenging pending parole revocation proceedings should be dismissed. The Petitioner has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Petitioner are without merit.

It is noted that the Petitioner filed essentially identical petitions in the United States District Court for the District of Maryland and in this Court in *Dorrough v. Finley*, Civil Action No. 6:05cv499. The latter case was dismissed on February 10, 2006, due to a preclusion order issued in *Dorrough v. Ferguson*, Civil Action No. 6:01cv205 (E.D. Tex. May 30, 2001) (no appeal). It is noted that the preclusion order was enforced by the Fifth Circuit with respect to yet another petition for a writ of habeas corpus filed in *Dorrough v. Gaines*, 48 Fed. Appx. 107 (5th Cir. 2002). Civil Action No. 6:05cv499 was also dismissed because the Petitioner had not exhausted his administrative remedies before filing the petition. The Petitioner did not appeal the dismissal of the case. The present petition was received from Maryland on the day Civil Action No. 6:05cv499 was

dismissed. The present petition should be dismissed for the same reasons that Civil Action No. 6:05cv499 was dismissed. The present petition should not be considered due to the preclusion order. Furthermore, apart from the preclusion order, the petition should be dismissed because the Petitioner did not exhaust his administrative remedies before he filed the petition.

It is specifically noted that many of the Petitioner's objections focused on matters that occurred after the petition was filed, including the hearing which resulted in the revocation of his parole. The present prehearing petition was filed in an attempt to derail the revocation proceedings, while the objections focused on a challenge to the actual revocation of his parole. However, issues raised for the first time in objections to a Report and Recommendation are not properly before the District Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). In any event, the petition should be dismissed due to the preclusion order and for failure to exhaust administrative remedies. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 11th day of May, 2006.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE